UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reginold Darnell Hoover, | C/A No.: **4:09-1091-SB-TER** |
| Plaintiff, | |
| vs. | Report and Recommendation |
| CCS Correct Care Solutions, Inc., Nurse Monica, C/O F. Aderson a/k/a Anderson, and Sgt. Clawson, | |
| Defendants. | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Reginold Darnell Hoover, filed this action under 42 U.S.C. § 1983[1] on April 27, 2009, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, plaintiff was housed at the Lexington County Detention Center (LCDC) as a pretrial detainee. Defendants Anderson and Clawson ("defendants') filed a motion for summary judgment on October 16, 2009, along with a memorandum, affidavit, and exhibits in support of said motion. (Doc. #35). Because plaintiff is proceeding pro se, he was advised on or about October 19, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in the dismissal of his complaint. The plaintiff filed a response to said motion on November 3, 2009.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that his constitutional rights have been violated while housed at LCDC. Specifically, plaintiff alleges he was attacked by another inmate, knocked unconscious, received a broken

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

jaw, and that Nurse Monica and defendant Anderson attended to his injuries immediately after the attack but that the medical care was deficient. Plaintiff alleges that the health care provider failed to examine and treat his injuries in an "orderly and timely manner" and complains that he did not receive an x-ray for several days after his injury and then it was several days before he received the results. (Complaint). Plaintiff seeks monetary damages.

## B. STANDARD FOR SUMMARY JUDGMENT

As previously stated, defendant and plaintiff have filed motions for summary judgment. A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become

immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## C. LEGAL ANALYSIS APPLICABLE TO PRETRIAL DETAINEES

Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment (citations omitted).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979). Using the standard set out in that case, a condition must be evaluated on whether or not it was implemented to "punish" the detainee before he was convicted of any crime. Balanced against that concern, however, is the legitimate security concerns of housing a number of persons prior to their trials. If a restriction is imposed for a legitimate, non-punitive purpose, is not excessive to meet its goal, and was not imposed simply to punish the inhabitants of a facility, it will be upheld. Bell, 441 U.S. at 538.

Since the plaintiff is proceeding pro se, this court is required to treat his filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v.

3

Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). However, plaintiff is cautioned that the court may not rewrite his pleadings; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct defendant's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, while the court should afford a *pro se* litigant every reasonable opportunity to construct and present his side, the court cannot act as counsel for the *pro se* litigant or excuse a failure to comply with the rules of this court.

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis as well as on the merits of the allegations. Defendants submitted the affidavit of James Clawson ("Clawson"), Sergeant at the LCDC, who attests that he is employed by the duly elected Sheriff of Lexington County, South Carolina, and assigned to the LCDC as a Sergeant. (Doc. #35-2). Defendant Clawson attests that he is familiar with the incident complain of by plaintiff that occurred during the day shift on March 14, 2009. (Id.). At the time, Clawson was a shift supervisor at the LCDC. (Id.). Plaintiff was housed in a cell with two other inmates, one of which was Inmate Leon Sumpter. (Id.). Clawson received a call from one of the officers for assistance in the housing unit indicating that an inmate had assaulted another inmate and that medical attention was needed. (Id.). Upon arriving in the housing unit, Clawson observed Officer Anderson retraining Inmate Sumpter and another inmate lying on the ground. (Id.). Clawson assisted medical with the inmate on the ground who was determined to be the plaintiff, Reginold Hoover. (Id.). Clawson had no prior dealing with plaintiff and had no indication that there was any animosity between the plaintiff and Inmate Sumpter prior to the incident. (Id.). The administrators at the LCDC have contracted out for a third party independent medical provider to provide professional medical care to the inmate population at the LCDC. (Id.). This third party medical

4

provider is required to employ licensed medical professionals to provide the necessary medical care to the inmate population. In this case, the third party medical care provider responded quickly to plaintiff's needs and provided him medical treatment and escorted him to the medical department in a wheelchair where he received additional care based on his medical records.[2] which Clawson submitted along with his affidavit. (Id.). Clawson asserts there was no warning prior to the attack and there was nothing he could have done to prevent the attack. (Id.). Clawson also attests that the LCDC has an established inmate grievance procedure which allows the inmates to file grievances related to the conditions of their incarceration and attached a copy of plaintiff's grievances. (Id.). Inmates at the LCDC must first file a grievance with the housing officer. (Id.). If the inmate is dissatisfied with the response to his or her grievance, that inmate must appeal the response up the chain of command. (Id.). The Jail Administrator has the final agency determination for inmate grievances.(Id.).

A review of the complaint form reveals that plaintiff checked that there was a grievance procedure at the LCDC and checked that he did file a grievance concerning the claims he was raising in this matter on March 21, 2009. He further checked that he received a final decision in this matter on March 22, 2009. (Complaint). Plaintiff also stated that he made a verbal complaint and then filed a grievance stating his "complaint was sent to the HSA Dr. Caldwell." (Complaint). In his response to the motion for summary judgment, plaintiff asserts that he filed a grievance which Lt. Jones signed but that the document was not processed or properly handled. In his response, plaintiff stated that he would "try and proceed with the process once again."

The Prison Litigation Reform Act ("PLRA") requires that a prisoner[3] exhaust the available

---

[2] Clawson submitted a copy of plaintiff's records attached to Clawson's affidavit.
[3] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the plaintiff here. See also Bunch v. Nash, 2009 WL 329884, at 4, n.2 (D.S.C. February 10, 2009); Tate v. Anderson 2007 WL 28982 at 4 (D.S.C. January 3, 2007).

administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on a review of the documents submitted, it appears plaintiff did file some Health Service Request forms that defendants admit could be considered grievances. However, there have been no documents presented which reveal that plaintiff fully exhausted the LCDC's grievance procedure related to these claims by receiving a final determination from the Jail Administrator to rebut defendants' argument with relation to exhaustion. Further, plaintiff alleged in his response that his grievance was not processed or handled properly but did not submit documentation to support this allegation. Additionally, the "grievance" dated March 21, 2009, that he attached to his documents and asserts he filed, shows a response from Lt. Jones stating that the matter was referred to Dr. Caldwell on March 22, 2009. (See doc. # 39-3).

Plaintiff has failed to show that he has exhausted his administrative remedies. Based on the evidence presented, it is recommended that defendants' motion for summary judgment (doc. #35) be granted for failure to exhaust administrative remedies.

### III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that the motion for summary judgment (document #35) filed by defendants Anderson and Clawson be GRANTED and this claim dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 29, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**