UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Reginold Darnell Hoover, | ) | C/A No.: **4:09-1091-SB-TER** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| CCS Correct Care Solutions, Inc., Nurse Monica, | ) | |
| C/O F. Aderson a/k/a Anderson, and Sgt. Clawson, | ) | |
| | ) | |
| Defendants. | ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Reginold Darnell Hoover, filed this action under 42 U.S.C. § 1983[1] on April 27, 2009, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, plaintiff was housed at the Lexington County Detention Center (LCDC) as a pretrial detainee. Defendants Correct Care Solutions, Inc., and Nurse Monica ("defendants") filed a motion for summary judgment on November 16, 2009, along with a memorandum, affidavits, and exhibits in support of said motion.[2] (Doc. #43). Because plaintiff is proceeding pro se, he was advised on or about November 17, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in the dismissal of his complaint. The plaintiff failed to file a response.

An Order was issued on June 21, 2010, giving the plaintiff ten (10) days to file a response to said summary judgment or his case may be dismissed pursuant to Rule 41b of the Federal Rules of Civil Procedure. This Order was returned to the Clerk of Court's office *via* United States Postal Service on June

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] A separate report and recommendation will be entered as to defendants Anderson and Clawson. Plaintiff filed a response to their motion for summary judgment.

28, 2010, marked "Return to Sender." (Doc. #51). Plaintiff failed to file a response.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that his constitutional rights have been violated while housed at LCDC. Specifically, plaintiff alleges he was attacked by another inmate, knocked unconscious, received a broken jaw, and that Nurse Monica and defendant Anderson attended to his injuries immediately after the attack but that the medical care was deficient. Plaintiff alleges that the health care provided failed to examine and treat his injuries in an "orderly and timely manner" and complains that he did not receive an x-ray for several days after his injury and then it was several days before he received the results. (Complaint). Plaintiff seeks monetary damages.

### B. STANDARD FOR SUMMARY JUDGMENT

As previously stated, defendant and plaintiff have filed motions for summary judgment. A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere

assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff

3

has not responded to defendants' motion for summary judgment, or the court's Orders requiring him to respond.

An Order was entered on May 12, 2009, authorizing service of process, granting the motion for *in forma pauperis,* and instructing plaintiff that he must always keep the court informed in writing of his address or his case may be dismissed for violating said order. (Docs. #6). Plaintiff has failed to provide an updated address to the court. Thus, plaintiff has failed to comply with the Orders of this court.

The undersigned concludes the plaintiff has abandoned his lawsuit as to these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) as to defendants Correct Care Solutions, Inc. and Nurse Monica.[3]

---

[3] In the alternative, it is recommended that defendants' motion for summary judgment be granted with respect to medical indifference. Based on a review of plaintiff's own pleadings and the evidence submitted, the undersigned finds that the plaintiff fails to show that defendants were deliberately indifferent to his medical needs.

To establish deliberate indifference, plaintiff must show treatment "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Based on the pleadings, medical records, and affidavits, although plaintiff did not agree with the type of treatment or the timing of treatment he received, the fact is plaintiff was provided treatment. He states in his complaint that he was examined by Nurse Monica immediately following the attack. Plaintiff was seen in medical the next day for his jaw pain, received x-rays, was placed on a soft diet, was prescribed medication for pain, was referred to an oral surgeon based on the fact that x-rays revealed a non-displaced fracture of the right mandible, and underwent surgical repair of his fracture on April 2, 2009. (See affidavit and plaintiff's medical records, doc. #43).

As previously stated, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. Based on the evidence presented, there has been no deliberate indifference shown to the overall medical needs of the plaintiff. For the above stated reasons, summary judgment should be granted in favor of defendants on this issue.

### III. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute as to defendants Correct Care Solutions and Nurse Monica. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice as to these defendants.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 7, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**